IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **BERNARD MENSAH**, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**CAPITAL ONE, N.A.,**<br><br>Defendant. | Case No.<br><br>(Removal from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida) |

## DEFENDANT CAPITAL ONE, N.A.'S NOTICE OF REMOVAL

Defendant Capital One, N.A. ("Capital One") hereby files this Notice of Removal of the above captioned action from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida to the United States District Court for the Southern District of Florida, based on the District Court's jurisdiction under 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

In support of this Notice of Removal, Capital One states as follows:

### I.   BACKGROUND

1.  On May 2, 2022, Plaintiff Bernard Mensah ("Plaintiff") filed this putative class action, captioned *Mensah v. Capital One, N.A.*, Dkt. No. 2022-008014-CA-01 (the "State Court Action"), in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, attached hereto as **Exhibit A.**

2.  Plaintiff purports to bring a class action on behalf of himself and a nationwide class consisting of "[a]ll persons with a Capital One account who signed up for the Zelle Service and incurred unreimbursed losses due to fraud (the 'Class')" and on behalf of Florida subclass

consisting of "[a]ll Florida persons with a Capital One account who signed up for the Zelle Service and incurred unreimbursed losses due to fraud (the 'Florida Subclass')." Ex. A at ¶ 56.

3. Capital One was served with a copy of the Complaint in the State Court Action on May 9, 2022.

4. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Complaint and all process, pleadings, and orders on file with the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida are attached hereto as **Exhibit B.**

5. In accordance with 28 U.S.C. § 1446(d), Capital One has contemporaneously filed a Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. A copy of Capital One's Notice to State Court of Removal to Federal Court without exhibits is attached hereto as **Exhibit C.**

6. In accordance with 28 U.S.C. § 1446(d), Capital One has also provided written notice to the Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff's counsel.

## II.    BASIS FOR REMOVAL UNDER CAFA

7. The State Court Action is removable under the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4.

8. There is no presumption against removal under CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

9. CAFA provides that federal district courts "shall have original jurisdiction of any civil action" (1) which is a "class action" (2) "in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant," and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," provided that (4) the members of the putative class number at least 100.  28 U.S.C. § 1332(d)(2), (5).

      **A.**    **The Complaint Is a Class Action.**

10. Plaintiff brings this putative class action pursuant to Florida Rules of Civil Procedure 1.220(b)(2) and (b)(3) on behalf of himself and "[a]ll persons with a Capital One account who signed up for the Zelle Service and incurred unreimbursed losses due to fraud (the 'Class')" and on behalf of "[a]ll Florida persons with a Capital One account who signed up for the Zelle Service and incurred unreimbursed losses due to fraud (the 'Florida Subclass')". Ex. A at Compl. ¶ 56.

11. Plaintiff also states that the members of the classes are "so numerous that joinder of all members would be unfeasible and impracticable." *Id.*

12. Accordingly, this case is a "class action," defined under CAFA as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

      **B.**    **There is Minimal Diversity Between the Parties.**

13. The putative classes include "citizen[s] of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

14. For diversity purposes, "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348.

15. Capital One is a national banking association with its main office located in McLean, Virginia. Ex. A at ¶ 14; *see also* Capital One's Amended and Restated Articles of Association attached hereto as **Exhibit D**; Office of the Comptroller of the Currency List of National Banks Active as of April 30, 2022 ("OCC List"), available at

https://www.occ.gov/topics/charters-and-licensing/financial-institution-lists/national-by-name.pdf.

16. Therefore, Capital One is a citizen of Virginia for diversity purposes. *See Wachovia v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that national banking associations be deemed citizens of the state designated in its articles of association as the locus of its main office); *Hunt v. Nationstar Mortg., LLC*, 684 F. App'x 938, 942 (11th Cir. 2017) (same); Exhibit D (listing main office as located in McLean, Virginia); OCC List (same).

17. Plaintiff is a resident of Florida and purports to bring suit on behalf of a nationwide class of and a Florida subclass of Capital One customers who have signed up for the Zelle service. Ex. A at ¶ 56; *see also Beach Terrace Condo. Ass'n, Inc. v. Goldring Investments, Inc.*, No. 8:15-CV-1117-T-33TBM, 2015 WL 3770401, at *1 (M.D. Fla. June 17, 2015) ("there is a presumption that the state in which a person resides at any given time is also that person's domicile"). Therefore, Plaintiff is a Florida citizen for diversity jurisdiction purposes. *See, e.g.*, *Huchon v. Jankowski*, No. 06-10094-CIV, 2007 WL 221421, at *2 (S.D. Fla. Jan. 25, 2007) (finding defendant properly alleged plaintiff's citizenship by asserting in notice of removal plaintiff "was and is a Florida resident domiciled in Monroe County, Florida").

18. Thus, Section 1332(d)(2)(A)'s requirement of minimal diversity is met.

**C.    The Amount in Controversy Exceeds $5 Million.**

19. Under CAFA, the claims of individual class members are aggregated to determine the amount in controversy. See 28 U.S.C. § 1332(d)(6). The amount in controversy is "an estimate of how much will be put at issue during the litigation," rather than "a prediction of how much the plaintiffs are ultimately likely to recover." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014) (internal citations and quotation marks omitted). Defendant's "notice

of removal need include only a *plausible allegation* that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin*, 574 U.S. at 89 (emphasis added).

20. The Complaint asserts causes of action for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, et seq., breach of contract; and breach of the covenant of good faith and fair dealing. Ex. A. at ¶¶ 59-73.

21. Plaintiff also seeks to recover compensatory and punitive damages, restitution, disgorgement of ill-gotten gains, attorneys' fees, costs, and interest. *Id.* at Prayer for Relief.

22. Capital One does not concede in any way that Plaintiff's claims are valid in any respect and states solely for the purposes of estimating the amount in controversy on Plaintiff's theory of the case that the amount in controversy well exceeds $5 million if Plaintiff's allegations as stated in the Complaint are taken as true.

23. Plaintiff alleges that he brings a suit on behalf of himself and "thousands of similarly situated customers of Capital One who have signed up for the Zelle money transfer service and who: have been the victim of fraud on the Zelle service." *Id.* at ¶ 1.

24. Plaintiff further alleges that he and these "thousands" of putative class members "incurred losses due to that fraud that has not been reimbursed by Capital One; and who were entitled by the marketing representations of Capital One regarding the Zelle service and by the Capital One's contract promises to full reimbursement of losses caused by fraud on the Zelle Service." *Id.*

25. Plaintiff avers that he suffered actual losses of $2,000 from his "personal bank account using the Zelle service" due to fraud. *Id.* at ¶¶ 47, 51.

26. Plaintiff further alleges that the Zelle "fraud problem" is "widespread" and he claims that "many people" have been defrauded for "thousands of dollars" using Zelle. *Id.* at ¶¶ 10, 26.

27. Additionally, Plaintiff claims that he and the putative class members are entitled to punitive damages, attorneys' fees, restitution, and an injunction, all of which are included in calculating the amount in controversy. *Id.* at Prayer for Relief; *see S. Fla. Wellness*, 745 F.3d at 1316; *McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 731 (11th Cir. 2014).

28. Accepting these allegations as true, even if the putative class consisted of only 2,000 members who incurred a loss of $3,500 each (including out-of-pocket loss, attorney's fees, punitive damages[1] and costs), it is clear that the amount in controversy well exceeds the $5 million requirement.

29. Accordingly, the requirement of 28 U.S.C. § 1332(d)(2) for an amount in controversy of at least $5 million is satisfied.

D. **Class Membership Exceeds 100 Persons.**

30. Plaintiff alleges that he brings a suit on behalf of himself and "thousands of similarly situated customers of Capital One who have signed up for the Zelle money transfer service and who: have been the victim of fraud on the Zelle service." *Id.* at ¶ 1. Thus, the aggregate number of putative class members is at least 100 for purposes of § 1332(d)(5)(B); *cf. Perret v. Wyndham Vacation Resorts, Inc.*, No. 11-CV-61904, 2012 WL 592171, at *2 (S.D. Fla. Feb. 22, 2012) (concluding plaintiff's allegation that "potentially thousands" of class members existed was sufficient on its face to establish jurisdiction in case removed under CAFA).

---

[1] In fact, punitive damages can reach three times any compensatory award. *McDaniel*, 568 F. App'x at 732; Fla. Stat. § 768.73(1)(a).

31. Plaintiff further purports to bring suit on behalf of himself and putative classes, which he estimates is "greater than one hundred individuals." *Id.* at ¶ 59.

32. Accordingly, the numerosity requirement of 28 U.S.C. § 1332(d)(5) is satisfied.

### III.   ALL OTHER REQUIREMENTS FOR REMOVAL ARE MET

33. Capital One was served with a copy of the Complaint in this State Court Action on May 9, 2022. Thus, Capital One's Notice of Removal is timely because it is filed within thirty (30) days of Capital One's receipt of the Complaint as required under 28 U.S.C. § 1446(b).

34. The court in which this State Court Action is pending is located within the Southern District of Florida, as required by 28 U.S.C. §§ 1446(a) and 1441(a).

35. Immediately following the filing of this Notice of Removal, written notice of the filing will be served on Plaintiff's counsel, the only adverse party in this case, as required by 28 U.S.C. § 1446(d).

36. Capital One will promptly file this Notice of Removal with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, Florida, where the State Court Action was pending as required by 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Removal is attached hereto as Exhibit C.

37. By removing this action to this Court, Capital One does not waive any defenses, objections, or motions under state or federal law. *See, e.g.*, *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 675 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any Rule 12(b) defenses").

### IV.   CONCLUSION

WHEREFORE, for the reasons stated above, Capital One hereby removes the State Court Action to the United States District Court for the Southern District of Florida, Miami Division, in accordance with 28 U.S.C. §§ 1332, 1441, 1446, and 1453.

Dated: June 1, 2022

>Respectfully submitted,
>
>**MCGUIREWOODS LLP**
>
>*/s/  Emily Y. Rottmann*
>Emily Y. Rottmann
>Florida Bar No. 0093154
>50 N. Laura Street, Suite 3300
>Jacksonville, Florida 32202
>Tele: (904) 798-3200
>Fax: (904) 798-3207
>erottmann@mcguirewoods.com
>clambert@mcguirewoods.com
>flservice@mcguirewoods.com
>
>Jarrod D. Shaw (*pro hac vice forthcoming*)
>Tower Two-Sixty
>260 Forbes Avenue, Suite 1800
>Pittsburgh, PA 15222
>Phone: (412) 667-6000
>jshaw@mcguirewoods.com
>
>*Attorneys and Trial Counsel for Defendant Capital One, N.A.*

## CERTIFICATE OF SERVICE

      I hereby certify this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 1, 2022, and sent via U.S. Mail and/or email to participants not registered with the CM/ECF system:

Andrew J. Shamis, Esq.
Edwin E. Elliot, Esq.
**Shamis & Gentile, P.A.**
14 NE 1st Ave., Suite 705
Miami, Florida 33132
ashamis@shamisgentile.com
edwine@shamisgentile.com

Scott Edelsberg, Esq.
Christopher Gold, Esq.
**Edelsberg Law, P.A.**
20900 NE 30th Ave., Suite 417
Aventura, Florida 33180
scott@edelsberglaw.com
chris@edelsberglaw.com

*Attorneys for Plaintiff Bernard Mensah
and proposed class*

                                                    */s/ Emily Y. Rottmann*
                                                       Attorney